Daniel, J.
By the Act of 1794, c. 4, the County Courts are authorised to appoint in each Captain’s district, a number not exceeding six discreet and proper persons, to be Patrollers. The Act of 1802, c. 15, gives the County Court power to appoint, in such manner and in such numbers as they please, and to form rules and regulations for them, &c, and they are to have the same pow- *70 grs and authorities as they had under the act of 1794. The act of 1794 is not repealed, but enlarged by that of 1804. It does not appear from the case, that the County Court of Bladen made any rules and regulations under the authority of the last act; therefore the Patrollers of that County were regulated by the law as it is laid down in the Act of 1794. That Act says, “it shall be the duty of the Patrollers, or two of them at least, appointed as aforesaid, to patrol their respective districts, once at least in two weeks.” The $th section states, that the Patrollers in each district, or a majority of those present, shall have power to inflict a punishment, &c. I am therefore qf opinion, from a full and fair examination of the two acts, that the Defendant, Saltar, had not the right to exercise the powers of a Patroller by himself, and as the other Defendants were present, aiding and abetting him in an lunlawful act, they were all guilty of a trespass.
$Jew Trial grantecj.